```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CLIFFORD JEFFERSON EL BEY, : | CIVIL ACTION NO. 08-2825 (MLC) |
| Petitioner, : | **MEMORANDUM OPINION** |
| v. : |  |
| NORTH BRUNSWICK MUNICIPAL COURT, : |  |
| Respondent. : |  |

**THE COURT** examining jurisdiction here <u>sua sponte</u>, <u>see</u> 28 U.S.C. § 1447(c), Fed.R.Civ.P. 12(h)(3); and Clifford Jefferson El Bey ("Jefferson") filing a "Writ of Mandamus In the Nature of a Notice of Removal" ("Pleading") in this Court ("Federal Court") on May 23, 2008 (dkt. entry no. 1);[1] and it appearing that Jefferson is seeking relief in Federal Court from a proceeding initiated in North Brunswick Municipal Court ("Municipal Court") arising from a summons issued to him for "a violation of a municipal ordinance", which apparently required him to appear in "Traffic court" (dkt. entry no. 1, Pl. "Writ of Nature And Discovery", at 2); and it appearing that a trial was conducted in Municipal Court on April 7, 2008 (dkt. entry no. 1, Pleading, at 3); and Jefferson alleging that the Municipal Court has violated his rights under the Fourth Amendment, Fifth Amendment, and Sixth Amendment of the Constitution (<u>id.</u> at 2); and Jefferson alleging

---

[1] Jefferson paid the filing fee.  (Dkt. entry no. 1.)

that his rights were violated by the "ruling of [the Municipal Court judge] by not letting the Prosecution . . . and Officer Krause answer the interrogatory questions listed in [his] Writ and Nature of Discovery that was sent by certified mail receipt regarding the Nature, Validity and Jurisdiction of the claim" (id.); and Jefferson alleging that he is authorized to seek "review" and "reversal" in Federal Court because of his "Political Status" as an "Aboriginal Indigenous Moorish American" (id. at 1-2); and

**IT APPEARING** that the Court must construe a pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff", Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id., and that a pleading is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios", Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989); and it appearing that the Court, upon careful review of the Pleading and Jefferson's supplemental pleading (see dkt. entry no. 2), must refuse to exercise jurisdiction here for several alternative reasons; and

**IT APPEARING** that a federal district court may not exercise jurisdiction over a municipal court proceeding, see Janciga v. Vora, 257 Fed.Appx. 530, 530-31 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of matter concerning traffic citation), Janciga v. Vora, 238 Fed.Appx. 760, 761 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of proceeding concerning citation for municipal code violation), Pa. v. Vora, 204 Fed.Appx. 134, 136 (3d Cir. 2006) (dismissing appeal from order dismissing "petition for removal" of municipal court matter concerning municipal code violation), Pa. St. Police v. Vora, 140 Fed.Appx. 433, 433 (3d Cir. 2005) (dismissing appeal from order dismissing "notice of removal" of traffic court matter, as district court may not exercise jurisdiction over attack of state traffic citation);[2] and

**IT FURTHER APPEARING** that Jefferson's alleged status as an "Aboriginal Indigenous Moorish American" creates no jurisdiction here, see Hawkins-El v. County of Wayne, No. 08-10652, 2008 WL 474095, at *1 (E.D. Mich. Feb. 19, 2008) (dismissing complaint where plaintiff asserted jurisdiction as "sovereign Moor of the Washitaw Empire"), Benton-El v. Odom, No. 05-242, 2007 WL 1812615,

---

[2] See also McDonald v. Tenn., 79 Fed.Appx. 793, 794 (6th Cir. 2003) (affirming judgment dismissing notice of removal of traffic citation proceeding); Haw. v. Brown, 42 Fed.Appx. 917, 917 (9th Cir. 2002) (affirming order remanding traffic court action to state court).

at *6 (M.D. Ga. June 19, 2007) (adopting Magistrate Judge's recommendation that no jurisdiction created by plaintiff claiming to be "Moorish American citizen"), Halabi v. Fields-El, No. 06-12203, 2006 WL 2161338, at *1-*2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on defendants' claim of "rights as Sovereign American Moors under the Treaty of 1786"), King v. Corp. of U.S., No. 05-72849, 2005 WL 3320866, at *1 & *4 (E.D. Mich. Dec. 7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being "Sovereign Indigenous Moor"), Hedrick v. Coleman, No. 05-73707, 2005 WL 2671327, at *1-*2 (E.D. Mich. Oct. 19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"), Great Seal Moorish Sci. Temple v. N.J., No. 05-345, 2005 WL 2396311, at *1 (E.D. Pa. Sept. 28, 2005) (granting motion to dismiss civil rights claim for impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American law); and

**IT FURTHER APPEARING** that Jefferson is attempting to avoid an order of the Municipal Court; and it appearing that the proper

procedure is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court, D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923); and it appearing that the Rooker-Feldman doctrine prohibits adjudication of an action where the relief requested would require a Federal Court to either determine whether a Municipal Court's decision is wrong or void that decision, and thus would prevent the Municipal Court from enforcing its orders, see McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005); and it appearing that the Pleading should be dismissed if viewed as a complaint, or the action should be remanded if the Pleading is viewed as a notice of removal, see State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241-42 (D.N.J. 2002) (remanding action to state court, as removing party sought review of state court judgment), see also E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing decision of lower state court), Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992) (same); and

**IT FURTHER APPEARING** that Jefferson's claims against the Municipal Court are barred under the absolute-immunity doctrine, as courts and judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their

jurisdiction and alleged to have been done maliciously or corruptly, Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); and

**IT FURTHER APPEARING** that Jefferson's apparent constitutional claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), as they would have the hypothetical effect of rendering any Municipal Court decision invalid, Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007), Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005), see Zhai v. Cedar Grove Municipality, 183 Fed.Appx. 253, 255 (3d Cir. 2006) (applying Heck to municipal court proceeding); and

**IT FURTHER APPEARING** that Jefferson's action, to the extent that it may be viewed as seeking mandamus relief, is barred because the "federal courts . . . have no general power in a mandamus action to compel action . . . by state officials", In re Jones, 28 Fed.Appx. 133, 135 (3d Cir. 2002); and

**IT FURTHER APPEARING** that (1) the Municipal Court proceeding was instituted before April 7, 2008, as Jefferson states that there was a trial conducted on April 7, 2008, (2) Jefferson was aware of it, as he annexes proof of related correspondence that he sent on and before that date, and (3) Jefferson did not file any papers in Federal Court until May 23, 2008; and thus it appearing that the Pleading, to the extent that it may be

construed as a notice of removal, was untimely, see 28 U.S.C. § 1446(b) (concerning deadline of 30 days to seek removal); and

**THE COURT** thus intending to deem (1) the Pleading dismissed to the extent that it may be viewed as a complaint, and (2) the action remanded to the extent that the Pleading may be viewed as a notice of removal; and for good cause appearing, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated: June 18, 2008